Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000372
18-MAY-2018
08:03 AM

NO. CAAP-17-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DESMOND LEWI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 08-1-483)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Desmond Lewi (**Lewi**) appeals from the March 1, 2017 Order Denying Defendant's Motion to Dismiss Count 5 of the Complaint (**Order Denying Motion to Dismiss**), which was entered against him and in favor of Plaintiff-Appellee the State of Hawai'i (**State**), in the Circuit Court of the Third Circuit (**Circuit Court**).[1]

On October 5, 2008, Lewi shot and killed Cameron Mauga in Hilo, Hawai'i, using a firearm that he possessed illegally. Lewi was charged with five counts: (1) Murder in the Second Degree (**Count 1**); Carrying or Use of Firearm in the Commission of a Separate Felony (**Count 2**); Carrying or Possessing a Loaded

---

[1] The Honorable Greg K. Nakamura presided.

Firearm on a Public Highway, in violation of Hawaii Revised Statutes (HRS) § 134-26(a) (2011)[2] (**Count 3**); Place to Keep Ammunition (**Count 4**); and Ownership or Possession Prohibited in violation of HRS § 134-7(b) (2011)[3] (**Count 5**). On March 24, 2010, Lewi pled guilty to Manslaughter as a lesser included offense in Count 1, and also pled guilty to Counts 3 and 5. In exchange for his plea, the State agreed to reduce Count 1 to Manslaughter and moved to *nolle prosequi* as to Counts 2 and 4, which motion the Circuit Court granted. On May 24, 2010, the Circuit Court entered its Judgment of Conviction and Sentence (**Judgment**), sentencing Lewi to, *inter alia*, twenty years of incarceration for Count 1, to be served concurrently with ten years of incarceration for Count 3; and a five-year sentence of incarceration for Count 5, to be served consecutively.[4]

---

[2] HRS § 134-26(a) provides in relevant part:

> **§ 134-26 Carrying or possessing a loaded firearm on a public highway; penalty.** (a) It shall be unlawful for any person on any public highway to carry on the person, or to have in the person's possession, or to carry in a vehicle any firearm loaded with ammunition . . . .

[3] HRS § 134-7(b) provides:

> **§ 134-7 Ownership or possession prohibited, when; penalty.**
> . . . .
> (b) No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.

[4] No direct appeal was taken. On August 14, 2015, Lewi filed a Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody. This petition was denied. The denial of the petition was affirmed by this court, but remains pending before the supreme court on a petition for writ of certiorari.

On January 6, 2017, Lewi filed a motion to dismiss (**Motion to Dismiss**), "pursuant to Rule 47 of the Hawaiʻi Rules of Penal Procedure [(HRPP)]." Lewi argued, *inter alia*, that Counts 3 and 5 merged under HRS § 701-109(1)(e) (2014)[5] because he "had but one general intent," rather than two separate intents. In the Motion to Dismiss, Lewi did not assert that his plea was not entered voluntarily and intelligently. The Circuit Court denied the Motion to Dismiss on March 1, 2017. On April 28, 2017, pursuant to an extension of time, Lewi filed his notice of appeal.

On appeal, Lewi raises two points of error, contending that: (1) the Circuit Court's finding that Lewi implicitly admitted to separate intents was clearly erroneous; and (2) that the Circuit Court erred in denying his Motion to Dismiss.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lewi's points of error as follows:

---

[5] HRS § 701-109(1)(e) states:

> **§ 701-109 Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . .
>
> (e)  The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

3

As a threshold issue, we must consider whether Lewi's guilty plea precludes Lewi's post-judgment argument that Counts 3 and 5 merge, as argued in the Motion to Dismiss.

In State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990), the Hawaiʻi Supreme Court made clear that "a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." In Morin, the defendants pled no contest to drug-related charges in exchange for either a reduction of charges or a dismissal of other charges. Id. After the judgments were entered, the defendants appealed, contesting the court's denial of their motion to suppress evidence. Id. The supreme court dismissed the appeal, stating:

> To allow the Defendants to plead no contest in exchange for the reduction and dismissal of charges against them, and then to permit them to attack the remaining convictions achieved by those pleas, where those pleas were not conditioned upon the right to appeal, would jeopardize the integrity of the plea bargaining process. Defendants' pleas, therefore, preclude them from now contesting any nonjurisdictional issues and the convictions resulting from those pleas.
>
> . . . .
>
> By entering pleas of no contest without reserving the right to appeal the denial of their Motion to Suppress, Defendants effectively waived their right to appeal that ruling. We find, therefore, that their appeal is not properly before this court. Accordingly, the appeal is hereby dismissed.

Id. at 163, 785 P.2d at 1319.[6]

---

[6] The supreme court recognized that, under certain circumstances not present in Morin, a plea might be conditioned on an appeal of certain reserved issues. Morin, 71 Haw. at 163, 785 P.2d at 1319. There was no reservation of a right to appeal in this case.

4

We note that Hawai'i appellate courts have applied Morin to HRPP Rule 40 petitions, as well as to direct appeals. See, e.g., Schwartz v. State, 136 Hawai'i 258, 281, 361 P.3d 1161, 1184 (2015); State v. Domingo, 82 Hawai'i 265, 921 P.2d 1166 (1996); State v. Hernandez, CAAP-15-0000067, 2017 WL 1034487 (App. March 17, 2017) (SDO); Crabbe v. State, CAAP-14-0000817, 2015 WL 3936916 (App. June 25, 2015) (SDO).

Here, like in Morin, Lewi benefitted from the plea deal in that two charges were dismissed and his murder charge was reduced to manslaughter. To allow Lewi now to attack one of the remaining charges on non-jurisdictional grounds would jeopardize the integrity of the plea bargaining process. See Morin, 71 Haw. at 163, 785 P.2d at 1319. Lewi does not contend, and we find no basis for concluding, that an assertion of merger is jurisdictional. For these reasons, we conclude that the Circuit Court did not err in denying Lewi's Motion to Dismiss.

Accordingly, the Circuit Court's March 1, 2017 Order Denying Motion to Dismiss is affirmed.

DATED: Honolulu, Hawai'i, May 18, 2018.

On the briefs:

Keith S. Shigetomi,
for Defendant-Appellant.

Suzanna L. Tiapula,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge